UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| LINDELL LLC, | ) | |
| | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 24-40454-CJP |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
DEBTOR'S CHAPTER 11 CASE
(WITH CERTIFICATE OF SERVICE)**

William K. Harrington, the United States Trustee for Region 1, moves the

Court to dismiss the chapter 11 case of Lindell LLC ("Debtor") for "cause"

under 11 U.S.C. § 1112(b)(4)(C), (H) and (K) and for general cause.

Dismissal is in the best interests of creditors under 11 U.S.C. § 1112(b)(1).

In support, the United States Trustee says:

**PRELIMINARY STATEMENT**

The Debtor owns as its sole asset rental real property located at 525

Lindell Avenue, Leominster, Massachusetts ("Property").

The Debtor has failed to file monthly operating reports ("MORs") in

compliance with the United States Trustee's operating guidelines and reporting

requirements for chapter 11 cases (the "Guidelines") since filing its voluntary

chapter 11 petition on May 3, 2024 ("Petition Date").

The Debtor has failed to provide the United States with evidence of

renewed property and general liability insurance on the Property.

And the Debtor has failed to pay United States Trustee quarterly fees ("Fees") under 28 U.S.C. § 1930(a)(6)(B)(i) totaling at least $1,250.

"Cause" therefore exists under 11 U.S.C. § 1112(b)(4)(C) (failure to maintain appropriate insurance that poses a risk to the estate or to the public), (H) (failure timely to provide information reasonably requested by the United States Trustee) and (K) (failure to pay fees or charges required under chapter 123 of title 28) to dismiss the Debtor's chapter 11 case.

General "cause" separately exists under 11 U.S.C. § 1112(b)(4), because the Debtor has no reorganization purpose and has delayed prosecuting its case.

The interests of creditors would be best served by dismissal.

**JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF**

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4.      The basis for relief includes 28 U.S.C. §§ 586(a)(3) and 1930(a)(6), 11 U.S.C. §§ 307, 327, 330 and 1112(b), Fed. R. Bankr. P. 1017 and 9014 and MLBR 1017-1 and 9013-1.

## STATEMENT OF UNDISPUTED MATERIAL FACTS UNDER MLBR 1017-1

### A. The Debtor files its fourth voluntary chapter 11 petition in two years.

5.      Mr. David Murphy signed the Debtor's voluntary chapter 11 petition, schedules and SOFA under penalty of perjury as "manager." DE1 at 4; 6; 24. The petition noted that the Debtor had filed three other chapter 11 cases in the previous two years. DE1 at 5 (Case Nos. 23-40608, 22-40838 and 22-40275).

6.      Mr. Murphy paid the Debtor's attorney, James Ehrhard, Esq., a $10,000 retainer. DE23 (Rule 2016(b) statement). SOFA 11 (DE1 at 20).

7.      By order dated July 8, 2024 (DE20), the Court directed the Debtor to file certain documents in compliance with its prior update order (DE7). The Court separately directed Attorney Ehrhard to file an employment application within ten days. DE20.

8.      By order dated August 8, 2024 (DE25), the Court approved Attorney Ehrhard's employment application (DE24). The order provided that "Payment of fees and reimbursement of expenses to counsel shall be subject to prior court approval pursuant to 11 U.S.C. § 330 . . . ." *Id.*

### B. The Debtor's schedules and SOFA.

9.      In schedule "A/B," the Debtor claimed an interest in the Property

as it sole asset.  DE1 at 10.  It valued the Property at $595,000.  *Id.*

10.     In schedule "D," the Debtor stated that the Property was subject to mortgage liens collateralizing prepetition debts totaling $540,000.  *Id.*

11.     The Debtor listed prepetition general unsecured claims totaling $5,000 in schedule "E/F."  *Id.* at 15.

12.     The Debtor listed Mr. Murphy as a codebtor in response to schedule "H."  *Id.* at 17.

13.     In response to SOFA question 1, the Debtor stated that it had realized rental income of $33,000 in 2022 and $16,500 in 2023.  DE23 at 1.

**C. The Debtor submits one MOR to the United States Trustee on October 23, 2024.  It owes Fees through Q2, 2025 totaling at least $1,250.**

14.     On October 23, 2024, after multiple requests, the Debtor submitted a combined MOR for the months of May, 2024 through October, 2024 to the United States Trustee.  DE37.

15.     But the MOR did not comply with the Guidelines, because it was prepared on a non-standard form and it neither accounted for financial activity by month nor included each month's DIP bank account statements.  Affidavit of Steven Potkonjak ("Potkonjak Affidavit") at 2.  A true and correct copy of the Potkonjak Affidavit is attached hereto for all purposes as Exhibit 1.

16.     The Debtor has submitted no MORs for the months of November,

4

2024 through August, 2025. *Id.*

17.   The Debtor owes Fees through Q2, 2025 totaling at least $1,250. Additional Fees for Q3, 2023 totaling at least $250 will accrue by September 30, 2025. A true and correct copy of a Fee reconciliation statement ("Reconciliation Statement") quantifying the Debtor's liability for Fees through Q2, 2025 is attached hereto for all purposes as Exhibit 2.

### D. The Debtor has not filed a plan of reorganization.

18.   The Debtor has filed no plan of reorganization in 16 months. *See* docket. Exclusivity expired on September 2, 2024. 11 U.S.C. § 1121(b).

### E. The Debtor has failed to provide the United States Trustee with evidence of renewed insurance on the Property.

19.   The property and general liability insurance policy covering the Property expired on May 9, 2025. The Debtor has not provided the United States Trustee with evidence of renewal despite multiple requests. Potkonjak Affidavit at 2.

## STATUTORY FRAMEWORK

### A. Duties of a chapter 11 debtor in possession.

20.   A debtor in possession has many of the rights, powers, and duties of a chapter 11 trustee. *See* 11 U.S.C. § 1107(a) ("Rights, powers, and duties of debtor in possession"). These include the duty to provide information requested

by parties in interest, including the United States Trustee. *See* 11 U.S.C. §§ 1107(a); 1106(a)(1); 704(a)(7).

21.    A debtor in possession also owes a fiduciary duty to the estate's creditors. *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 352, 355 (1985); *see also Bezanson v. Thomas (In re R & R Assocs. of Hampton)*, 402 F.3d 257, 266 (1st Cir. 2005) (stating that debtor in possession duties "include the maximization of the value of the debtor's assets").

22.    To assist debtors in possession in carrying out their statutory and fiduciary duties, the United States Trustee has published Guidelines, which are provided to every chapter 11 debtor in possession.[1]

23.    Among other things, the Guidelines require a debtor in possession to attend an initial debtor interview conducted by the United States Trustee no later than 14 days after the petition date (and before the 11 U.S.C. § 341 first meeting of creditors),[2] to close all pre-petition bank accounts, to open debtor in possession accounts at authorized banks and to file MORs listing all post-petition financial transactions, including receipts and disbursements of cash and attaching

---

[1]    The version of the Guidelines effective February 1, 2023 is publicly available at http://www.justice.gov/ust/r01/reg_info.htm (last checked July 29, 2025).

[2]    The United States Trustee conducts the first meeting of creditors in a chapter 11 case no sooner than 21 and no more than 40 days after the entry of the order for relief. *See* 11 U.S.C. § 341; Fed. R. Bankr. P. 2003(a).

"each month's bank statement for every account in the Debtor's name, as well as any account to which the Debtor had access during the reporting period . . . ." Guidelines at 8-15.

24.     The Guidelines require a debtor in possession to provide the United States Trustee with evidence of insurance on all assets and operations, copies of federal income tax returns filed in the previous two years, a chart or list of accounts or general ledger, and "[c]opies of bank statements and cancelled checks for every pre-petition bank account held by the Debtor or to which the Debtor had or has access for the six months prior to the bankruptcy filing . . . ." *Id.* at 8-9.

## B. United States Trustee quarterly fees.

25.     Under 28 U.S.C. § 1930(a)(6)(B)(i), a chapter 11 debtor must pay United States Trustee quarterly fees "in each open and reopened case under chapter 11 of title 11, other than under subchapter V, for each quarter (including any fraction thereof) until the case is closed, converted, or dismissed, whichever occurs first . . . ." Quarterly fees are due by the last day of the month following the end of each quarter. Guidelines at 17. *See Brown v. Harrington (In re Brown),* 55 F.4th 945 (1st Cir. 2022) (affirming order dismissing debtor's chapter 11 case for "cause" under 11 U.S.C. § 1112(b)(4)(E) and (K), because it failed to pay United States Trustee post-confirmation quarterly fees as required by both the

plan confirmation order and 28 U.S.C. § 1930(a)(6).

### C. Dismissal under 11 U.S.C. § 1112(b).

26.   Under 11 U.S.C. § 1112(b)(1), "after notice and a hearing, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

27.   Section 1112(b)(4) contains a nonexclusive list of 16 examples of "cause," including failure to maintain appropriate insurance that poses a risk to the estate or to the public (subsection (C)), failure timely to provide information reasonably requested by the United States Trustee (subsection (H)) and failure to pay fees or charges required under chapter 123 of title 28 (subsection (K)). *See* 7 COLLIER ON BANKRUPTCY, ¶ 1112.04[6][a] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2025).

28.   "In addition, the court may convert or dismiss a case for reasons that are not specifically enumerated in the section, provided that these reasons are sufficient to demonstrate the existence of cause." *La Trinidad Elderly LP SE v. Loiza Ponce Holdings LLC (In re La Trinidad Elderly LP SE)*, 627 B.R. 779, 798 (BAP 1st Cir. 2021) (citation omitted).

29.   Such additional cause includes lack of a reorganizational purpose. *See*

*Fields Station LLC v. Capitol Food Corp. of Fields Corner (In re Capitol Foods Corp. of Fields Corner)*, 490 F.3d 21 (1st Cir. 2007).  "One ground, however, is sufficient, standing alone, to establish cause under the statute . . . ."  *In re Andover Covered Bridge, LLC*, 553 B.R. 162, 172 (BAP 1st Cir. 2016) (citations and internal punctuation omitted).  *Hoover v. Harrington (In re Hoover)*, 828 F.3d 5, 9 (1st Cir. 2016).

30.    "One ground, however, is sufficient, standing alone, to establish cause under the statute . . . ."  *In re Andover Covered Bridge, LLC*, 553 B.R. 162, 172 (BAP 1st Cir. 2016) (citations and internal punctuation omitted).  *Hoover v. Harrington (In re Hoover)*, 828 F.3d 5, 9 (1st Cir. 2016).

31.    "Once cause is found, the burden shifts to the opposing party to demonstrate 'unusual circumstances' that establish conversion or dismissal is not in the best interests of the creditors and the estate. The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate."  *Efron v. Canelario (In re Efron)*, 529 B.R. 396, 411 (B.A.P. 1st Cir. 2015).  *Accord, In re Andover Covered Bridge, LLC*, 553 B.R. at 171-172.

32.    Post-petition losses caused by uninsured casualties are administrative priority claims under 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) that dilute the funds available to holders of prepetition claims.  *See Reading Co. v. Brown*, 391 U.S. 471, 483 (1968) (holding that uninsured damages caused to third parties

by the post-petition negligence of a receiver operating the debtor's business constituted administrative priority claims).

## ARGUMENT

**I.** **"Cause" exists to dismiss exists under 11 U.S.C. § 1112(b)(4)(H), because the Debtor has failed to file timely MORs as requested by the United States Trustee.**

33. Section 1112(b)(4)(H) provides that "cause" to dismiss a chapter 11 case exists when a debtor "fails timely to provide information . . . reasonably requested by the United States Trustee . . . ."

34. "Monthly operating reports are the lifeblood of Chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations . . . ." *In re Stream TV Networks, Inc.*, 2024 WL 87639 (Bankr. E.D. Pa. 2024) (citations and internal punctuation omitted).

35. "Cause" under 11 U.S.C. § 1112(b)(4)(H) is established here, because the Debtor has failed to file timely, conforming MORs for the period May, 2024 through August, 2025. Potkonjak Affidavit at 2.

36. Without timely and complete MORs and corresponding DIP bank account statements (Guidelines at 15), the United States Trustee cannot monitor the Debtor's post-petition financial performance. *Id. See In re Andover Covered Bridge, LLC*, 553 B.R. at 173 ("refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case . . . .") (citations and internal

punctuation omitted).

37.     Accordingly, the Court should dismiss the Debtor's chapter 11 case.  11 U.S.C. § 1112(b)(4)(H).

## II.  "Cause" exists to dismiss exists under 11 U.S.C. § 1112(b)(4)(K), because the Debtor has failed to pay Fees totaling at least $1,250.

38.     Section 1112(b)(4)(K) provides that "cause" to dismiss a chapter 11 case exists when a debtor fails "to pay any fees or charges required under chapter 123 of title 28). . . ."

39.     "Cause" under 11 U.S.C. § 1112(b)(4)(K) is established here, because the Debtor has failed to pay Fees through Q2, 2025 totaling at least $1,250.  Reconciliation Statement.  *See In re Brown*, 55 F.4th at 945.

40.     Accordingly, the Court should dismiss the Debtor's chapter 11 case.  11 U.S.C. § 1112(b)(4)(K).

## III.  "Cause" exists to dismiss exists under 11 U.S.C. § 1112(b)(4)(C), because the Debtor has failed to provide evidence of renewed insurance on the Property.

41.     Section 1112(b)(4)(C) provides that cause to dismiss a chapter 11 case exists where a debtor fails "to maintain appropriate insurance that poses a risk to the estate or to the public . . . ."  11 U.S.C. § 1112(b)(4)(C).

42.     Cause is established here, because the Debtor has not provided the United States Trustee with evidence that it has appropriately insured the estate's

11

interest the Property and its operations. *Gilroy v. Ameriquest Mortg. Co. (In re Gilroy)*, 2008 WL 4531982 at 4 (B.A.P 1st Cir. 2008) (affirming order dismissing a chapter 11 case, where the debtor failed to provide evidence that she had insured five condominiums); 7 COLLIER ON BANKRUPTCY at ¶ 1112.4[6][c].

43.    Without evidence of appropriate property and general liability insurance, the estate's interest in the Property and the interest of residents, abutters, business invitees and the general public in safely interacting with the Debtor are at unreasonable risk of uninsured loss.

44.    Any uninsured post-petition losses on the Property will harm creditors by depriving them of a source of recovery on their claims and, possibly, creating administrative claims. *Reading Co. v. Brown*, 391 U.S. at 483.

45.    Accordingly, the Court should dismiss the Debtor's chapter 11 case for "cause" under 11 U.S.C. § 1112(b)(4)(C).

IV.    **General "cause" to dismiss exists under 11 U.S.C. § 1112(b)(4), because the Debtor has no reorganization purpose and for delay.**

46.    General "cause" to dismiss exists under 11 U.S.C. 1112(b)(4) here, because the Debtor has no reorganization purpose and has delayed in effectuating any exit strategy, including filing a plan. *See In re Capitol Foods Corp. of Fields Corner*, 490 F.3d at 21.

47. Accordingly, the Court should dismiss the Debtor's chapter 11 case. 11 U.S.C. § 1112(b)(4).

## V. Dismissal is in the best interests of creditors and the estate under 11 U.S.C. § 1112(b)(1).

48. The interests of creditors and the estate would best be served by the immediate dismissal of the Debtor's chapter 11 case. *See generally In re Andover Covered Bridge, LLC,* 553 B.R. 162, 171-172 (listing factors for evaluating best interests of creditors and the estate).

## REQUESTED RELIEF

For these reasons, the United States Trustee requests that the Court enter orders: 1) dismissing the Debtor's chapter 11 case "cause;" and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By: */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Dated: September 25, 2025. Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF SERVICE

Pursuant to MLBR 1017-1(d) (effective May 1, 2025), I certify that on September 25, 2025, true and correct copies of the foregoing objection and Exhibits 1 (the Potkonjak Affidavit) and 2 (the Reconciliation Statement) were served by:

- CM/ECF upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel for the Debtor, James P. Ehrhard, Esq., who is identified below; and

- United States mail, First Class postage prepaid, upon the sole creditor listed in the Debtor's list of 20 largest unsecured, non-insider creditors, National Grid, at the address given by the Debtor (DE1 at 7 of 28) (Official Form 204).

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:   */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Dated: September 25, 2025.        Eric.K.Bradford@usdoj.gov

**BY CM/ECF:**

James P. Ehrhard on behalf of Debtor Lindell LLC
ehrhard@ehrhardlaw.com, cote@ehrhardlaw.com

**BY REGULAR MAIL**

National Grid
PO Box 960
Northborough, MA 01532